IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERRY SAMUEL LINDSEY, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 10-312 |
| ) | Magistrate Judge Bissoon |
| v. ) | |
| ) | |
| DAVID DIGUGLIELMO, *et al*., ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM AND ORDER**

Jerry Samuel Lindsey filed a federal habeas corpus petition challenging his conviction for Simple Assault. Lindsey was a state prisoner at the time he filed his petition, but has since been released from custody. Lindsey raises a single claim challenging the sufficiency of the evidence. The parties have consented to the undersigned exercising jurisdiction in this case (Docs. 12, 13).

A federal court may not issue the writ unless it concludes that the state court's adjudication resulted in a decision that was "contrary to" or an "unreasonable application of" clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 411 (2000) ("[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.").

Where a habeas petitioner challenges his incarceration on the ground that the evidence was insufficient to support a conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S.

307, 319 (1979). Under this standard, "a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Id., at 326. A federal court must apply this standard with reference to the elements of the criminal offense. Orban v. Vaughn, 123 F.3d 727, 731 (3d Cir. 1997). The finder of fact, however, weighs the evidence and the federal courts must defer to its resolution of conflicts in the evidence. Jackson, 443 U.S. at 326.

The test for sufficiency of evidence is the same under both Pennsylvania and federal law. See Evans v. Court of Common Pleas, Delaware County, 959 F.2d 1227, 1233 (3d Cir. 1992), cert. denied, 506 U.S. 1089 (1993); Commonwealth v. Bricker, 525 Pa. 362, 581 A.2d 147 (1990) (an appellate court must determine whether the evidence, and all reasonable inferences deducible therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all of the elements of the offenses charged). The Pennsylvania Superior Court applied this standard when it addressed Petitioner's challenge to the sufficiency of the evidence on direct appeal, and found the victim's testimony that Petitioner choked her until she blacked out, along with Petitioner's confession to police that he choked and shook the victim, sufficient to permit a jury to conclude that the elements of Simple Assault (intentionally causing the victim harm) had been met (Doc. 10-1, pp. 77-80). For the reasons set forth by the Superior Court, the elements of the offense charged were satisfied under state law. Hence, the state court's ruling in this respect is not an unreasonable application of federal law and habeas relief is not appropriate.

AND NOW, this 20th day of July, 2010,

IT IS HEREBY ORDERED that the petition for writ of habeas corpus filed by Jerry Samuel Lindsey is DISMISSED.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). Because Lindsey has not satisfied his burden, a certificate of appealability is DENIED.

s/Cathy Bissoon  
Cathy Bissoon  
United States Magistrate Judge

cc:
**JERRY SAMUEL LINDSEY**
Department of Veterans Affairs
Medical Center
1700 South Lincoln Avenue
Lebanon, PA 17042 HK-9488